### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HODLE and LISA HODLE, | : |
| | : CIVIL ACTION NO. 3:15-1957 |
| Plaintiffs | : |
| | : (JUDGE MANNION) |
| v. | : |
| CHRISTOPHER LLOYD JONES, | : |
| | : |
| Defendant | |

### MEMORANDUM

**I.  Background**

On October 8, 2015, plaintiffs, Christopher and Lisa Hodle, residents of Duryea, Pennsylvania, filed the above captioned action involving a motor vehicle accident in Maryland pursuant 28 U.S.C. §1332. (Doc. 1). The named Defendant is Christopher Lloyd Jones, a resident of Bowie, Maryland.

Plaintiffs allege that on October 11, 2013,[1] Mr. Hodle was driving his vehicle on the Coastal Highway, Ocean City, Maryland, with Mrs. Hodle in the front passenger seat, when they were struck by dependant's vehicle. Plaintiffs allege that defendant turned from the northbound lane of Coastal Highway into the southbound bus lane of the highway and hit their vehicle that was traveling southbound. Plaintiffs assert negligence claims alleging that they sustained serious injuries as a result of the accident caused by defendant, Counts I and II. Plaintiffs allege that they incurred damages, including medical

---

[1] Plaintiffs erroneously allege in their complaint that the accident occurred on "October 11, 2015." (Doc. 1, ¶3).

expenses, pain and suffering, and loss of earnings. Plaintiffs incorrectly indicate that Pennsylvania law applies to their negligence claims. Plaintiffs also assert loss of consortium claims against defendant, in Counts III and IV. As relief, plaintiffs seek in excess of $75,000.00 in each of their claims.

Defendant was served with the summons and the complaint. (Doc. 3). On November 3, 2015, defendant filed a motion to dismiss the complaint for improper venue under Fed.R.Civ.P. 12(b)(3). (Doc. 4). Defendant filed his brief in support on November 4, 2015. (Doc. 5). Plaintiffs did not file a brief in opposition to defendant's motion and the time to do so has expired. Nor did plaintiffs file a motion for an extension of time to file their brief. As such, plaintiffs are deemed as not opposing defendant's motion under Local Rule 7.6, M.D.Pa.

**II.    Discussion**

Plaintiffs correctly indicate in their complaint that this court has diversity jurisdiction over their action under §1332. However, defendant is correct that venue is improper in this court pursuant to 28 U.S.C. §1391(a) since he is a resident of Maryland and all of the events or omissions giving rise to the claims of the plaintiffs occurred in Ocean City, Maryland. The only connection to this district is plaintiffs' residence.

Rule 12(b)(3), in conjunction with 28 U.S.C. §1391, requires the court to dismiss the case if the plaintiff fails to show that the district in which the suit

2

is brought is the proper venue. Fed.R.Civ.P. 12(b)(3). Under Third Circuit law, defendant "[has] the burden of demonstrating that venue is improper." Kravitz v. Niezgoda, 12-CV-487, 2012 WL 4321985, *4 (E.D.Pa. 2012); Merchants Mut. Ins. Co. v. Benchoff, 09-CV-418, 2009 WL 2207813, *2 (W.D.Pa. 2009) (citing Myers v. American Dental Ass'n, 695 F.2d 716, 724-125 (3d Cir. 1982)). In this case, both parts one and two of the venue statute dictate that this court does not have venue over plaintiffs' claim. 28 U.S.C. §1391.

Venue for actions brought under §1332 is governed by 28 U.S.C. §1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since all of the incidents complained of emanate from Ocean City, Maryland and defendant is a resident of Bowie, Maryland, both of which are located in the District of Maryland, venue is appropriate in the District of Maryland, not in the Middle District of Pennsylvania. Although the dismissal of this action may not preclude the re-filing of this case in the proper district based on the statute of limitations, the court finds that it is in the interest of

3

justice to transfer this case to the District of Maryland.[2] Moreover, there is no prejudice to defendant by transferring this case to the proper district.

"A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. §1404(a), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015) (citations omitted). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Section 1406, ..., applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Since original venue in the instant case is improper in this court, the court will transfer this case to the proper venue under §1406(a).

According to the Third Circuit, §1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar." Lafferty v. St. Riel, 495 F.3d 72, 79 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (Supreme Court stressed that federal district courts may transfer, as opposed to dismissing,

---

[2]"Under Maryland law, the general limitations period is three years." Mathis v. McDonough, 2014 WL 4977547, *2 (D.Md. Oct. 2, 2014).

4

cases that plaintiffs originally commenced in an improper forum)). Moreover, "§1406(a) transfers do not require that prejudice should result from filing an action in an improper forum if the initial filing was made in good faith." *Id.* Additionally, "the filing itself of a lawsuit, even in an improper forum, shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure and toll[s] whatever statutes of limitation would otherwise apply." *Id.* (citing Goldlawr, 369 U.S. at 466–67).

### III.   Conclusion

The court finds that plaintiffs filed their case in good faith and that they exercised proper diligence by timely filing their action. In the interest of justice, this case will be transferred to the District of Maryland pursuant to §1406(a), rather than dismissed. *See* Jolly v. Faucett, 2007 WL 137833 (E.D.Pa. Jan. 16, 2007) (Court found that in the interest of justice car accident case which occurred in Maryland and was against Maryland citizen defendants should be transferred from Eastern District Pennsylvania, where plaintiff resided, to the District of Maryland under 28 U.S.C. §1406(a)). Defendant's motion to dismiss the complaint, (Doc. 4), will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 4, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1957-01.wpd